## CRAWFORD et al. v. UNITED STATES.
### No. 5584.

Circuit Court of Appeals, Fourth Circuit.
March 14, 1947.

Arthur E. Smith, of Roanoke, Va. (Mosby J. Williams, of Roanoke, Va., on the brief), for appellants.

R. Roy Rush, Asst. U. S. Atty., of Roanoke, Va. (Howard C. Gilmer, Jr., Acting U. S. Atty., of Pulaski, Va., on the brief), for appellee.

Before PARKER, SOPER and DOBIE, Circuit Judges.

PER CURIAM.

Appellants Crawford and Horne were convicted in the court below of the crimes of concealment and removal of distilled spirits, on which the tax had not been paid, in violation of the provisions of the Internal' Revenue Code. 26 U.S.C.A. Int.Rev.Code, § 2913. The questions raised by the appeal are the sufficiency of the evidence to sustain the conviction and the validity of the search of the person of Crawford and the house of Horne. We think that there is no substantial merit in any of the points raised.

Crawford and Horne, both of whom had a reputation known to the revenue officers for dealing in liquor and had been convicted on prior occasions, lived in a four room house belonging to Horne in the country near Roanoke, Virginia. Acting on complaints that whiskey was being sold at this place, officers concealed themselves near the house and kept it under observation for a period of about two and a half hours. During this time, they observed eight automobiles approach the place and drive away after their occupants had had some sort of dealings with the defendants. In the course of these dealings one or the other of the defendants was seen each time to leave the house and go towards a nearby place in the woods, at which liquor was later found buried in the ground in a fruit jar near holes from which fruit jars had obviously been removed a short while before. One of the persons who came by automobile to the house, a sailor, was seen to leave it carrying a bottle containing a liquid of some sort.

After the officers had had the place under observation for about two and a half hours, dogs began to bark and the two defendants emerged from the house armed with shotguns. When Crawford approached the place where two of the officers were concealed, they arose from their place of concealment, declared that they were . federal officers and ordered him to drop his gun. Crawford stopped but did not drop the gun, whereupon the officers approached him and one seized the gun and the other a pistol which he had in his pocket. One of the officers observed a bulge in his shirt and asked him what he had there. He replied that he had nothing, but upon the officer's feeling the bulge and ascertaining that it was caused by a fruit jar, he stated that it was just a little drinking liquor. The officer removed the jar and found that it contained a pint of whiskey. Horne ignored the order to drop his gun and ran with it into the woods.

The officer then handcuffed Crawford and proceeded to search the premises. In the woods nearby, they found a fruit jar containing a pint of whiskey buried in the ground and, near this, holes in the ground which indicated that fruit jars had been taken from them. In the house they found on a table glasses smelling of whiskey, and in the kitchen cabinet a jar containing a small quantity of whiskey and prunes, which are customarily used in that section for the purpose of giving a color to the product of the illicit distillery.

In the face of these circumstances, it is little short of absurd to contend that the evidence was not sufficient to support the verdict or that the officers were not justified in taking the whiskey from the person of Crawford or searching the pemises on which he and Horne had been operating. The right of search was incidental to a lawful arrest, and the arrest was lawful if made by the officers with reasonable grounds for believing that the defendants were guilty of felony. Whether the arrest be considered as made when the officers ordered Crawford to drop his gun or at some later stage of the proceedings, there can be no question that they had at the time adequate grounds for the belief that he had been during the time they had been watching and was still engaged in the

commission of a felony. The fact that both appellants had criminal records, that they were dealing in a suspicious manner with visitors to their house, that the number of visitors was suspiciously large, that they appeared armed when the barking of the dogs announced that some one was near, that Horne ran away when the officers disclosed themselves,— these things taken together certainly warranted the arrest of Crawford, even though those making the arrest may not have known at the time about the whiskey buried in the woods, or the sailor with the bottle or the fact that Crawford was carrying whiskey on his person.

There was no error and the judgment appealed from will be affirmed.

Affirmed.